UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA CONCEPCION BERMEJO SANANGO,
on her own behalf and on behalf of others similarly
situated,

Plaintiff,

-against-

RUBY NAILS TARRYTOWN, INC. d/b/a RUBY
NAIL, et al.,

Defendants.

**ORDER**

20-CV-08245 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Maria Concepcion Bermejo Sanango ("Plaintiff") initiated this action by filing a Complaint on October 4, 2020. (Doc. 1). Plaintiff obtained a Clerk's Certificate of Default against Defendant Ruby Nails Tarrytown, Inc. on November 23, 2021 (Doc. 59), against Defendant Mi Young Kal on February 15, 2022 (Doc. 77), and against Defendant Edwin Keh on February 15, 2022 (Doc. 80). Plaintiff then requested that the Court enter a default judgment against all Defendants on February 28, 2022. (Doc. 87). On August 9, 2022, the Court denied Plaintiff's application for default judgment without prejudice to renewal for failure to comply with Rule 4(B) and Attachment A of this Court's Individual Practices. (Doc. 95). Plaintiff has made no further effort to renew her application for a default judgment.

On December 2, 2022, the Court issued an Order to Show Cause, warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before January 6, 2023, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution." (Doc. 99). The Court's Order to Show Cause warned Plaintiff that "[f]ailure to respond to this Order will result in dismissal of this case without prejudice for want

of prosecution." (*Id*.). Plaintiff has not responded to the Court's December 2, 2022 Order to Show Cause or otherwise communicated with the Court to date.

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the

court's interest in managing its docket with the plaintiff's interest in
receiving a fair chance to be heard, and (5) whether the judge has
adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d

212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut*

*Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as

a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v.*

*Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d

458, 461 (2d Cir. 1993)).

## <u>ANALYSIS</u>

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b)

is proper in this case. As to the first factor, Plaintiff has failed to respond to at least two separate

orders over an approximately 13-month period. On November 23, 2021, the Court directed

Plaintiff to comply with the Court's Individual Practices should she seek a default judgment

against Defendants. (Doc. 58). On August 9, 2022, the Court denied without prejudice to renewal

Plaintiff's application for a default judgment against Defendants for failure to comply with Rule

4(B) of the Court's Individual Practices. (Doc. 95). Plaintiff did not renew her application for a

default judgment, nor did she make any further filings in this action. On December 2, 2022, the

Court issued an Order to Show Cause directing Plaintiff to show cause in writing why the action

should not be dismissed for want of prosecution on or before January 4, 2023. (Doc. 99). Plaintiff

failed to comply with the Court's December 2, 2022 Order to Show Cause and has filed nothing

further to the docket. Plaintiff's failure to comply with the Court's Orders over 13 months is

sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326,

2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. (Doc. 99).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Plaintiff has failed to comply with the Court's Individual Practices in her prior attempt to seek a default judgment and has failed to respond to the Court's Order to Show Cause why this action should not be dismissed for want of prosecution. Indeed, Plaintiff has not filed anything to the docket in nearly five months. There is no reason to believe that Plaintiff intends to pursue this action any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## <u>CONCLUSION</u>

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action.

**SO ORDERED.**

Dated:  White Plains, New York
          January 9, 2023

_____
Philip M. Halpern
United States District Judge