**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
MARIA CONCEPCION BERMEJO SANANGO
*on their own behalf and on behalf of others similarly situated*

         Plaintiffs,

  v.

RUBY NAILS TARRYTOWN, INC
 d/b/a Ruby Nail;
MI YOUNG KAL; and
EDWIN KEH

         Defendants.
------------------------------------------------------------------ x

Case No. 20-cv-08245 (PMH)

**[PROPOSED]**
**DEFAULT JUDGMENT**

  This action was commenced in the Southern District of New York on October 04, 2020, with the filing of the Complaint.

  The Summons to the Complaint was issued on October 04, 2020 and Defendants RUBY NAIL TARRYTWON INC d/b/a Ruby Nail; MI YOUNG KAL; EDWIN KEH were served on October 23, 2020, with proofs of service filed on October 23, 2020, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. Defendants time to answer or otherwise defend this action expired on November 12, 2020.

  On November 4, 2021, the court held a conference where Plaintiff appeared and Defendants EDWIN KEH and RUBY NAIL TARRYTOWN INC d/b/a Ruby Nails did not appear. As a result of the defendant's non-appearance, Your Honor granted Plaintiffs leave to request for a clerk's certificate of Default for Corporate Defendant by November 23, 2021.

  On November 22, 2021, plaintiff requested for a Clerks Certificate of Default as to Corporate Defendant RUBY NAIL TARRYTOWN INC d/b/a Ruby Nail. The court granted Plaintiffs Clerks Certificate of Default for Corporate Defendant on November 23, 2021.

  On November 23, 2021, Honorable Philp M. Halpern granted Plaintiff's permission to move for Default Judgement as to Defendant EDWIN KEH and RUBY NAIL TARRYTOWN

INC d/b/a Ruby Nails by December 31, 2021.

On December 31, 2021, plaintiff requested for an extension of time to move for Default Judgment as to Defendants EDWIN KEH and RUBY NAIL TARRYTWON INC d/b/a Ruby Nail to until February 14, 2022. On January 03, 2022, the court granted plaintiffs extension and made the new date for Plaintiff to file a motion for Default Judgement to February 14, 2022.

On February 02, 2022, Honorable Philip M, Halpern granted Plaintiff's permission to move for Default Judgement as to individual stayed Defendant MI YOUNG KAL due to the bankruptcy stay being lifted for her. Your Honor stated that Plaintiffs can move for Default Judgement against Defendant Kal when they move for the other two Defendants.

On February 14, 2022, plaintiff requested for another extension of time to move for default judgment as to all defendants and requested for an additional two weeks to move for Default Judgement as to all three defendants.

On February 28, 2022, plaintiffs filed their Order to Show Cause for Default Judgement along with their Motion for Attorney Fees and Costs against Defendants.

On August 9, 2022, Honorable Judge Philip Halpern denied, plaintiffs Order to Show Cause for Default Judgement without prejudice.

On December 10, 2022, Honorable Judge Philip Halpern ordered Plaintiff to Show Cause for why the case should not be dismissed pursuant to Rule 41(b) for failure to prosecute their claims.

Plaintiffs failed to show cause by January 02, 2022 and on January 10, 2022, Honorable Judge Philip Halpern dismissed the case for plaintiffs failure to prosecute under Rule 41(b).

On January 10, 2022, plaintiffs requested that the case be re-opened and plaintiffs be granted until January 18, 2022 to respond to Your Honor's Order to Show Cause from December

2

02, 2022.

On January 11, 2022, Honorable Judge Philip Halpern denied plaintiffs request to re-open the case but granted plaintiff until January 18, 2023 to respond to the Order to Show Cause.

Plaintiffs filed a request for certificate of default against Defendants MI YOUNG KAL and EDWIN KEH on February 14, 2022, and they were granted on February 15, 2021.

Now, on motion of Troy Law, PLLC, attorney for Plaintiffs, it is hereby ORDER, ADJUDGED, and DECREED as follows:

That Plaintiff MARIA CONCEPCION BERMEJO SANANGO has judgment jointly and severally against Defendants RUBY NAIL TARRYTOWN INC d/b/a Ruby Nail; MI YOUNG KAL and EDWIN KEH in the amount of $171,595.22, including compensatory damages, permissible liquidated damages and penalties for violations arising under the New York Labor Law, plus prejudgment interest pursuant to N.Y. C.P.L.R. § 5001, accruing at the nine percent (9%) per annum rate set forth in N.Y. C.P.L.R. § 5004 from June 1, 2016 to entry of judgment, in the amount of $19,267.71, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

That Plaintiffs is entitled to recover $_____ in legal fees and $800.82 in costs jointly and severally from Defendants, RUBY NAIL TARRYTOWN INC d/b/a Ruby Nail; MI YOUNG KAL and EDWIN KEH.

That if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4).

IT IS SO ORDERED.

Dated: New York, NY

_____ \_\_\_\_\_, 20\_\_\_

_____
Hon. Philip M. Halpern, U.S.D.J.

Case 7:20-cv-08245-PMH   Document 111   Filed 01/20/23   Page 4 of 4