UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA CONCEPCION BERMEJO SANANGO,
*on her own behalf and on behalf of others similarly situated*,

Plaintiffs,

-against-

RUBY NAILS TARRYTOWN, INC. (d/b/a Ruby Nail) and MI YOUNG KAL,

Defendants.

**OPINION AND ORDER**

20-CV-08245 (PMH)

PHILIP M. HALPERN, United States District Judge:

Maria Concepcion Bermejo Sanango ("Plaintiff") commenced this action against Ruby Nails Tarrytown, Inc. ("Ruby Nail"), Mi Young Kal ("Kal"), and Edwin Keh ("Keh" and together, "Defendants") on October 4, 2020, pressing claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The claims arose from Defendants' alleged failure to pay minimum wage, overtime compensation, and spread-of-hours pay, as well as various record-keeping violations. (Doc. 1). Pending before the Court is Plaintiff's application for a default judgment against Ruby Nail.[1] (Doc. 106).

For the reasons set forth below, Plaintiff's motion for default judgment against Ruby Nail is GRANTED and Plaintiff is awarded damages, attorneys' fees, and costs as set forth herein.

---

[1] Plaintiff initially sought a default judgment against Defendants Ruby Nail and Keh, but subsequently moved to dismiss Defendant Keh on February 2, 2023 pursuant to Fed. R. Civ. P. 41(a). (Doc. 113, Doc. 114). The Court granted Plaintiff's motion to dismiss Defendant Keh on February 3, 2023, and as such, Plaintiff's default judgment application proceeds only against Defendant Ruby Nail. (Doc. 116).

## BACKGROUND

Plaintiff effected personal service of the Summons and Complaint upon Defendants on October 23, 2020. (Doc. 7, Doc. 8, Doc. 9). On November 10, 2020, counsel for Defendants filed an appearance in this action. (Doc. 10). Defendants, after one extension, filed an Answer to the Complaint on December 1, 2020. (Doc. 11, Doc. 12, Doc. 14). Counsel for all parties appeared for an initial conference on January 12, 2021 and a Civil Case Discovery Plan and Scheduling Order was entered thereafter. (Doc. 17). On June 1, 2021, Defendants' counsel moved to withdraw from the case in light of Kal's forthcoming bankruptcy filing. (Doc. 23). The Court granted that motion on June 23, 2021, and directed Defendants to retain new counsel within thirty days. The Court further directed that should Defendants fail to retain new counsel, then Defendants Kal and Keh shall proceed *pro se*, and Plaintiff may seek a default judgment against Ruby Nail as a corporation may only appear in federal court through a licensed attorney. (Doc. 27).

Defendant Kal filed a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the Eastern District of New York on August 7, 2021 and all claims against her were automatically stayed pursuant to 11 U.S.C. § 362. (Doc. 45, Doc. 46). The Court, pursuant to the Civil Case Discovery Plan and Scheduling Order, held a case management conference on November 4, 2021. (Doc. 51). Only counsel for Plaintiff appeared. (*Id.*). Neither Defendants nor counsel for them appeared. (*Id.*). The Court set another case management conference for November 23, 2021 and ordered that should Keh fail to appear at that conference as well, the Court would hold him in default. (*Id.*). Defendant Keh failed to appear for the November 23, 2021 status conference and the Court directed that Plaintiff seek a Certificate of Default from the Clerk of Court as to him. (Doc. 58). On January 6, 2022, in light of the bankruptcy court's order lifting the automatic stay, the Court lifted the stay in this action as to Defendant Kal. (Doc. 69). Plaintiff then requested, and the

Clerk of Court issued, certificates of default as to each of the Defendants. (Doc. 59 (Certificate of Default as to Defendant Ruby Nail), Doc. 77 (Certificate of Default as to Defendant Kal), Doc. 80 (Certificate of Default as to Defendant Keh)).

Plaintiff requested that the Court enter a default judgment against all Defendants on February 28, 2022. (Doc. 87). On August 9, 2022, the Court denied Plaintiff's application for default judgment without prejudice to renewal for failure to comply with Rule 4(B) and Attachment A of this Court's Individual Practices. (Doc. 95). Plaintiff took no action in this case during the next four months and did not move to renew her application for a default judgment. The Court consequently entered an Order to Show Cause on December 2, 2022 directing Plaintiff to "show cause in writing on or before January 4, 2023 why this action should not be dismissed without prejudice for want of prosecution under Rule 41(b)." (Doc. 99). Plaintiff failed to respond to the December 2, 2022 Order to Show Cause and the case was dismissed pursuant to Rule 41(b) on January 10, 2023. (Doc. 100).

Plaintiff filed a request for an extension of time to respond to the December 2, 2022 Order to Show Cause on January 10, 2023, which the Court granted on January 11, 2023. (Doc. 101, Doc. 102). On January 18, 2023, Plaintiff filed a response to the December 2, 2022 Order to Show Cause, stating that Plaintiff's counsel had "missed the Court's original denial of Plaintiff's Order to Show Cause on August 9, 2022, and failed to take steps to remedy the issues the Court identified," and requesting that the case be reopened to allow Plaintiff to renew its default judgment application. (Doc. 104). On January 19, 2023 the Court conditionally reopened the case to permit Plaintiff to renew its default judgment application, warning that "failure to file the Order to Show Cause by January 26, 2023 will result in denial of the motion to reopen the case." (Doc. 105).

Plaintiff filed a Proposed Order to Show Cause why a default judgment should not be entered against Ruby Nail and Keh on January 20, 2023.[2] (Doc. 106). The Court signed the Order to Show Cause on January 24, 2023 and directed that the Order to Show Cause be served "upon the Defendant Ruby Nail Tarrytown, Inc. by regular mail addressed to them at 423 Tarrytown Road, Route 119, White Plains, New York 10607 and by serving copies of the foregoing upon them by way of the Office of the Secretary of State of the State of New York; and upon the Defendant Edwin Keh by personal service." (Doc. 113). Plaintiff served Ruby Nail with a copy of the Order to Show Cause via First-Class Mail on January 31, 2023 and via the Office of the Secretary of State on February 7, 2023. (Doc. 115, Doc. 117). On February 2, 2023, Plaintiff moved to dismiss Keh from the case pursuant to Federal Rule of Civil Procedure 41(a), which the Court granted on February 3, 2023. (Doc. 114, Doc. 116).

## **STANDARD OF REVIEW**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).[3] "Instead, the plaintiff bears the burden of substantiating his claim with evidence to prove the extent of damages." *Garcia v. Francis Gen. Constr. Inc.*, No. 20-CV-04323, 2022 WL 2698434, at *3

---

[2] For reasons unknown, Plaintiff failed to include Defendant Kal, for whom a Certificate of Default had been issued by the Clerk of Court, in the default notice. (Doc. 106).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

(S.D.N.Y. July 12, 2022). Although an evidentiary hearing under Rule 55(b)(2) is not required, a plaintiff must establish through affidavits or other evidence "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## ANALYSIS

I.   Damages

A.   Unpaid Wages

The Court begins with Plaintiff's request for $65,265.64 in unpaid wage damages arising from Defendants' failure to pay minimum wage, overtime compensation, and spread-of-hours pay in violation of both the FLSA and NYLL. (Doc. 108 ¶ 51). Although a plaintiff may be "entitled to recover unpaid minimum wages and overtime pay under both the FLSA and NYLL, they may not recover twice." *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, No. 14-CV-07850, 2016 WL 8650464, at *6 (S.D.N.Y. Nov. 7, 2016); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-CV-03725, 2010 WL 4159391, at *3 (S.D.N.Y. Sept. 30, 2010). The Second Circuit has likewise interpreted "the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). Instead, "where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages." *Wicaksono v. XYZ 48 Corp.*, No. 10-CV-03635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011). Here, NYLL provides the greatest recovery because it has a longer statute of limitations than the FLSA. *Compare* N.Y. Lab. Law § 198(3) (six-year statute of limitations for a violation of the NYLL) *with* 29 U.S.C. § 255(a) (three-year statute of limitations for willful violation of the FLSA).

When a defendant defaults, a "plaintiff's recollection and estimates of hours worked are presumed to be correct." *Piedra v. Ecua Rest., Inc.*, No. 17-CV-03316, 2018 WL 1136039, at *12 (E.D.N.Y. Jan. 31, 2018). Courts apply the same presumption "to a plaintiff's recollection of wages earned." *Id.* Here, Ruby Nail defaulted and did not produce time records. Plaintiff has, in contrast, provided detailed accounts of the hours she worked and the amounts that she was paid. (Doc. 108, Doc. 109). Plaintiff estimates, in the affidavit filed in support of her default judgment application, that she worked between 9.5 to 10.5 hours per day during the relevant period, amounting to approximately 38 to 42 hours per week in the winter months and approximately 47.5 to 52.5 hours per week in the summer months. (Doc. 108 ¶¶ 8-20). Plaintiff was paid a flat daily rate of $85 per day from July 6, 2014 to July 6, 2018, $95 per day from July 2019-June 20, 2020, and a hourly rate of $11 per hour from June 21, 2020 to August 5, 2020. (*Id.* ¶¶ 21-26).

The sum of $65,265.64 that Plaintiff requests in unpaid wages arises from three sources: (i) shortfall between the wages paid and the New York minimum wage; (ii) unpaid overtime wages; and (iii) unpaid "spread of hour" wages.[4] (Doc. 109). Having reviewed Plaintiff's estimated hours worked, estimated compensation received, and corresponding calculation of unpaid wages owed, the Court agrees with Plaintiff's calculation that she is owed $4,013.84 in shortfall between wages paid and the New York minimum wage, $41,170.22 in unpaid overtime wages, and $20,081.58 in unpaid "spread-of-hour" wages. (*Id.*).

---

[4] The NYLL authorizes damages for each of these types of unpaid wages. The statute requires employers to pay a statutory minimum wage for the first 40 hours that employees work each week. *See* 12 N.Y.C.R.R. § 146-1.2. The statute requires that employees be paid an overtime premium for hours worked in excess of 40 hours per week at a rate of 1.5 times the employee's regular rate. *See* 12 N.Y.C.R.R. § 146-1.4. The statute further requires employers to pay "spread-of-hour" pay, meaning that an employee must "receive one hour's pay at the basic minimum hourly wage rate" in addition to the regular minimum wage for each workday "in which the spread of hours exceeds 10 hours." 12 N.Y.C.R.R. § 142-2.4(a).

Accordingly, the Court finds that Plaintiff is entitled to $65,265.64 in damages for her unpaid wages.

### B.   Liquidated Damages

Next, Plaintiff seeks liquidated damages under NYLL equaling 100% of her unpaid wages. (Doc. 109). NYLL allows for liquidated damages awards equaling 100% of the wages due, "with an exception for good faith." *Galvez v. 800 Ginza Sushi Inc.*, No. 19-CV-08549, 2022 WL 748286, at *18 (S.D.N.Y. Mar. 11, 2022); *see* N.Y. Lab. Law §§ 198(1-a), 663(1). Under NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." *Zubair v. EnTech Eng'g P.C.*, 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012). Ruby Nail has failed to meet its burden to rebut this presumption as a result of its default. *See Lopez v. Emerald Staffing, Inc.*, No. 18-CV-02788, 2020 WL 915821, at *11 (S.D.N.Y. Feb. 26, 2020) ("Having defaulted, [d]efendants have not carried their burden of demonstrating good faith under the NYLL.").

Accordingly, the Court finds that Plaintiff is entitled to $65,265.64 in liquidated damages, equivalent to 100% of her unpaid wages.

### C.   Pre-Judgment Interest

Plaintiff also requests—and is entitled to—pre-judgment interest under NYLL. *See* N.Y. Lab. Law § 663; *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (finding that the NYLL permits an award of both liquidated damages and prejudgment interest); *see also Pineda v. Tokana Cafe Bar Restaurant Inc.*, No. 16-CV-01155, 2017 WL 1194242, at *4 (S.D.N.Y. 2017) ("Prejudgment interest may be awarded in addition to liquidated damages under NYLL but not under the FLSA."). A plaintiff may recover pre-judgment interest only on her actual damages under the NYLL, not on her liquidated damages under the state law. See *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017). The statutory rate of interest is nine percent per

annum. N.Y. C.P.L.R. § 5004. The earliest date on which Plaintiff's NYLL statute of limitations period began is October 4, 2014.

Accordingly, the Court finds that Plaintiff should receive pre-judgment interest on her entire compensatory damages award of $65,265.64, at an interest rate of 9% per annum from October 4, 2014 until the date of entry of final judgment.

D. Statutory Damages

Plaintiff also seeks statutory damages for Defendants' failure to provide wage notices and wage statements, as required by New York's Wage Theft Prevention Act ("WTPA"). N.Y. Lab. Law § 195(1), (3). Section 195(1) requires an employer to provide employees a notice at the time of hiring, containing, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; and allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances." *Id*. § 195(1)(a). Section 195(3) requires that employers provide employees with certain wage statement information "with every payment of wages." *Id*. § 195(3). An employer's failure to comply with either section of the law makes them liable for damages for each instance that the violations occurred or continued to occur. *See Id*. § 198(1-b) (damages for wage notice violations under § 195(1) accumulate at a rate of $50 per day, but not to exceed $5,000); § 198(1-d) (damages for wage statement violations under § 195(3) accumulate at a rate of $50 per day but may not exceed $5,000). Plaintiff alleges in her Complaint that Defendants failed to provide her with the required written wage notices and wage statements and Plaintiff further states in her affidavit that she was "not provided any paystubs" throughout the duration of her employment. (Doc. 1 ¶¶ 105-113; Doc. 109 ¶ 49). Because Defendant Ruby Nail is in default, the Court accepts Plaintiff's allegations that Ruby Nail failed to provide the required wage notices and statements. *Chen v. Shanghai Cafe Deluxe, Inc.*,

No. 16-CV-04790, 2023 WL 2401376, at *13 (S.D.N.Y. Mar. 8, 2023) (accepting allegations that defendants failed to provide required wage notices and statements and warding statutory damages under NYLL §§ 195(1) and (3)). Plaintiff further states that she was employed by Ruby Nail for approximately 12 years, entitling her to an award of $5,000 for violation of the notice provision in Section 195(1) and $5,000 for violation of the wage statement provision in Section 195(3).

Accordingly, the Court finds that Plaintiff is entitled to $10,000.00 in statutory damages, arising from Defendant Ruby Nail's violation of N.Y. Lab. Law 195(1) and (3).

### E. Post-Judgment Interest

Plaintiff also has a right to post-judgment interest under 28 U.S.C. § 1961(a). Section 1961 provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). This statutory language requires the Court to grant post-judgment interest. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 53 (E.D.N.Y. 2015) ("The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered."). Under the statute, interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Accordingly, the Court finds that Plaintiff is entitled to post-judgment interest at the statutory rate.

### II. Attorneys' Fees and Costs

"Under both the FLSA and the NYLL, prevailing plaintiffs are entitled to an award of reasonable attorneys' fees and costs." *Silva v. Legend Upper W. LLC*, No. 16-CV-03552, 2021 WL 4197360, at *12 (S.D.N.Y. Sept. 14, 2021); *see* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "[T]he burden of proving the reasonableness and the necessity of the hours spent and the rates charged" rests with the party seeking payment. *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-03942, 2021 WL 1193144, at *1 (E.D.N.Y. Mar. 29, 2021). Plaintiff's counsel submitted, in support of the request for fees and costs, a statement of fees showing the dates on which the services were performed, the timekeepers performing the services, the time expended, and a description of the services completed. (Doc. 112).

In determining what a "reasonable fee" is, courts consider "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008); *see also Ramirez v. Marriott Int'l*, No. 20-CV-02397, 2023 WL 2447398, at *4 n.4 (S.D.N.Y. Mar. 10, 2023). To determine such a fee, courts consider factors like "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," "the timing demands of the case," and "whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself." *Arbor Hill*, 522 F.3d at 184. The rate must be "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

Plaintiff, represented by the Troy Law Firm, requests $45,719.00 in fees and $800.02 in costs. The Troy Law Firm staffed five timekeepers on this matter: (i) John Troy at a proposed hourly rate of $650/hour, (ii) Aaron Schweitzer at a proposed hourly rate of $400/hour, (iii) Tiffany

Troy at a proposed hourly rate of $250/hour, (iv) Gavin Dass at a proposed hourly rate of $150/hour, and Preeti Kilaru at a proposed hourly rate of $200/hour. (Doc. 112-8). According to the billing records, John Troy billed 48 hours to this case (amounting to $31,200 in fees), Aaron Schwietzer billed 25 hours to this case (amounting to $10,000 in fees), Tiffany Troy billed 11 hours to this case (amounting to $2,750 in fees), Gavin Dass billed 7 hours to this case (amounting to $1,050 in fees), and Preeti Kilaru billed 4 hours to this case (amounting to $800 in fees). (*Id.*).

The Court finds these requested fees excessive. Judge Cronan aptly noted in *Garcia*, "a treatise worth of case law has emerged about the rates and hours that Troy Law has requested. And courts have balked at the sort of rates requested in this case." 2022 WL 2698434, at *7 (collecting cases); *see also Chen*, 2023 WL 2401376, at * 15 ("courts have repeatedly reduced the rates requested by John Troy") (collecting cases). The Court agrees with the many other courts in this District that have reduced Troy Law's requested rates. This is particularly reasonable given counsel's performance in this case. Troy Law failed to comply with the Court's Individual Practices in Plaintiff's first attempt at moving for a default judgment, and then failed to renew its default application for four months. (Doc. 95). Indeed, Troy Law's failure to timely prosecute this case resulted in the Court issuing an Order to Show Cause pursuant to Fed. R. Civ. P. 41(b), which Plaintiff failed to timely respond to. (Doc. 100). In addition, Plaintiff's counsel has failed to effectively deal with Defendant Kal. Consequently, the Court will reduce the proposed hourly rates to: $300 per hour for John Troy (amounting to $14,400 total), $150 per hour for Aaron Schweitzer (amounting to $3,750 total), $150 per hour for Tiffany Troy (amounting to $1,650 total), $150 per hour for Gavin Dass (amounting to $1,050 total), and $70 per hour for Preethi Kilaru (amounting to $280 total). These hourly rate reductions are consistent with the reductions made to Troy Law

11

Firm's requested rates in courts throughout this District. *Garcia*, 2022 WL 2698434, at *7 (collecting cases); *Chen*, 2023 WL 2401376, at * 15 (collecting cases).

Accordingly, the Court finds that Plaintiff is entitled to an award of attorneys' fees in the amount of $21,130.00 and costs in the amount of $800.82.[5]

III.    Defendant Kal

Plaintiff has failed to move for default judgment against the sole remaining individual defendant in this case, Defendant Kal. (Doc. 106). On March 20, 2023, the Court entered an Order directing Plaintiff, by March 24, 2023, to either "(i) file a proposed Order to Show Cause as to Defendant Mi Young Kal why a default judgment should not be entered in compliance with the Court's Individual Practices or (ii) file a voluntary dismissal as to Defendant Mi Young Kal pursuant to Federal Rule of Civil Procedure 41." (Doc. 118). To date, Plaintiff has failed to either seek a default judgment or voluntary dismissal as to Defendant Kal. Indeed, Plaintiff has failed to take any steps to prosecute her claims against Defendant Kal since the stay against him was lifted on February 2, 2022. (Doc. 69).

"A district court may—based on both its inherent authority and Rule 41(b)—dismiss an action *sua sponte* for failure to prosecute or failure to comply with a court order." *Hall v. Oriska Corp Gen. Contracting*, No. 21-1564, 2022 WL 17420307, at *2 (2d Cir. Dec. 6, 2022) *see also Hernandez v. Tuck*, No. 22-CV-05242, 2023 WL 1109663, at *2 (S.D.N.Y. Jan. 30, 2023) (holding that "Plaintiffs' failure to comply with the Court's orders over a period of at least five months is sufficient to support dismissal). "Noncompliance with court orders undermines the ability of the

---

[5] The Court has reviewed Plaintiff's counsel's request for reimbursement of costs and finds that those costs are reasonable.

Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013).

Plaintiff has repeatedly failed to comply with the Court's Orders. The Court warned, in conditionally reopening the case, in its January 19, 2023 Order that failure to seek a default judgment against Defendants would result in dismissal of the action. (Doc. 105). While Plaintiff did move for default against Defendant Ruby Nail and voluntarily dismiss Defendant Keh, she has taken no action with respect to Defendant Kal. For this reason alone the case against Defendant Kal should be dismissed. On March 20, 2023, out of an abundance of caution, the Court issued another Order to give Plaintiff a chance to proceed against Defendant Kal. Despite the Court's March 20, 2023 Order that she either move for default or voluntarily dismiss him by March 24, 2023, Plaintiff has done nothing. (Doc. 118). In light of Plaintiff's failure to prosecute her claims against Defendant Kal for over one year and repeated failures to comply with the Court's Orders regarding the same (most recently, the March 20, 2023 Order), dismissal of Defendant Kal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate. *See Dome-A-Nation, LLC v. Blue Sky Int'l, Inc.*, No. 20-CV-05862, 2022 WL 1689397, at *2 (S.D.N.Y. May 26, 2022) (dismissing an action under Rule 41(b) where the plaintiff failed to comply with the Court's orders directing it to move for a default judgment against defendants).

Accordingly, this action is dismissed as against Defendant Kal under Federal Rule of Civil Procedure 41(b).

## **CONCLUSION**

For the foregoing reasons, Plaintiff shall have judgment against Ruby Nails Tarrytown, Inc. by default. The Clerk of Court is respectfully directed to enter judgment against Ruby Nails Tarrytown, Inc. in favor of Plaintiff Maria Concepcion Bermejo Sanango, in the principal amount

of $140,531.28 (consisting of $65,265.64 in unpaid wages, $65,265.64 in liquidated damages, and $10,000.00 in statutory damages), plus attorneys' fees in the amount of $21,130.00 and costs in the amount of $800.82, for a total award of $162,462.10, together with pre-judgment interest at a rate of 9% per annum accruing on the amount of $65,265.64 from October 4, 2014 until the date final judgment is entered, and post-judgment interest thereafter at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is further directed to terminate Mi Young Kal as a defendant herein and to close this case.

**SO ORDERED.**

Dated:    White Plains, New York
          March 30, 2023

_____

PHILIP M. HALPERN
United States District Judge

14